IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERTO FUENTES | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-357 |
| WARDEN, FCI BASTROP | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Roberto Fuentes, an inmate confined at the Federal Correctional Camp located in Bastrop, Texas, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner submitted this Petition challenging the calculation of his sentence and the application of time credits earned pursuant to the First Step Act ("FSA"). Petitioner contends he was deprived of the ability to earn certain time credits under the FSA due to his prolonged confinement in the county jail.

Analysis

Title 28 U.S.C. § 2241(a) provides that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). A § 2241 Petition must be filed in the district where the Petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Thus, only the district court

where the Petitioner is confined at the time the Petition is filed has jurisdiction to entertain the § 2241 Petition. *Id.*

Petitioner was confined in the Federal Correctional Camp located in Bastrop, Texas when he filed the Petition. The city of Bastrop, Texas is located in Bastrop County. Pursuant to 28 U.S.C. § 124, Bastrop County, Texas is located within the jurisdictional boundaries of the United States District Court for the Western District of Texas, Austin Division. As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider Petitioner's Petition for Writ of Habeas Corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Assocs. v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this Petition were transferred to the district in which the Petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 8th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE